IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FABIAN MOORE,<br><br>    *Defendant.* | CRIMINAL ACTION NO.<br>3:22-cr-00030-TES-CHW-1 |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

On January 6, 2022, Officer Dillon Rutledge with the Georgia State Patrol initiated a stop on a Dodge Challenger driven by Defendant Fabian Moore on Interstate 20 because of a defective headlight. [Doc. 25-1, p. 2]. After the vehicle stopped, Officer Rutledge approached the passenger-side window and explained to both Defendant and George Samuels—a passenger in the car—why they were pulled over. [*Id.*]. Officer Rutledge also asked Defendant for his driver's license and vehicle registration. Because the vehicle belonged to Defendant's girlfriend—Kim Meyer—Defendant wasn't sure where the registration was, so he looked in the center console and the glovebox. [*Id.*]. During that time, Officer Rutledge noticed a black jar with writing on it near the gear shifter. [*Id.*]. Officer Rutledge then asked Defendant what was in the jar, prompting Defendant to open the jar. [*Id.*]. After Defendant opened the jar, Officer Rutledge saw a clear baggy with a green, leafy residue. [*Id.*]. Then Officer Rutledge asked Defendant if

he could see the jar, and Defendant complied. [*Id.*]. Once Officer Rutledge held the jar, he could smell the odor of marijuana. [*Id.*]. After smelling the marijuana, Officer Rutledge called for local officers to assist with searching the vehicle. During the search, officers found a bookbag that held a bag of a crystal substance which officers suspected to be methamphetamine. [*Id.*]. Officers also found a Taurus 9mm pistol in the glove box. Officers then found another sports bag with two more bags containing the same crystal substance. [*Id.*].

Officer Rutledge then asked Defendant for information on the drugs, and Defendant asserted that while visiting Lenox Mall in Atlanta, someone put the bags in his car, and he wasn't supposed to know what was in the bags—he was just the driver. [*Id.* at p. 3].

After his arrest, the Government obtained an indictment charging Defendant with Conspiracy to Possess with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, all in violation of 21 U.S.C § 846 in connection with 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2, 924(c)(1)(A). [Doc. 1]. Defendant entered a plea of not guilty on February 8, 2023. [Doc. 16]. Defendant then filed the instant Motion to Suppress [Doc. 25] on April 6, 2023. In his Motion, Defendant does not challenge the legality of the stop, but instead argues that Officer Rutledge "directed him to open the jar," and "only [complied] as an acquiescence to authority and not with

2

consent." [Doc. 25, p. 2]. Defendant also argues that "the officer was only able to allegedly smell the odor of marijuana because the defendant was involuntarily compelled to open the jar and hand it to the officer." [*Id.*]. Because of that, Defendant contends that any probable cause arising from the jar was "illegally obtained." [*Id.*]. Accordingly, Defendant asks the Court to suppress the suspected methamphetamine and firearm. [*Id.*].

After consideration of the parties' arguments and with the benefit of oral argument,[1] the Court **DENIES** Defendant's Motion [Doc. 25].

## LEGAL STANDARD

The movant bears the initial burden of persuading the court, through specific factual allegations and supporting evidence, that the evidence should be suppressed. *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977).[2] Once the movant establishes a basis for the motion, the burden then shifts to the Government to prove by a preponderance of the evidence that the search or seizure of evidence was legally and factually justified. *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983) (citation omitted) ("Upon a motion to suppress evidence garnered through a warrantless search and seizure, the burden of proof as to the reasonableness of the search rests with the

---

[1] The Court's hearing on the instant Motion was completed over two separate days at the request of the parties.

[2] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

prosecution. The Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the [F]ourth [A]mendment."); *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974) (citation omitted) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.").

## **DISCUSSION**

Defendant does not challenge the legality of the initial stop. However, he does argue that Officer Rutledge improperly directed him to open the jar, and he only complied as "an acquiescence to authority and not with consent." [Doc. 25, p. 2]. The Government responded, asserting that the evidence clearly shows that Defendant willingly admitted that the jar once held marijuana, told Officer Rutledge that it was empty, and then opened it without coercion or compulsion. [Doc. 26, p. 2]. Once opened, the Government contends, Officer Rutledge saw the green leafy substance, which—based on his experience—he suspected to be marijuana. Officer Rutledge also smelled the odor of marijuana, all of which led to probable cause to search the car.

The critical piece of this puzzle is Defendant's voluntariness in showing Officer Rutledge the contents of the jar.[3] If Defendant gave Officer Rutledge consent to view the

---

[3] At the first hearing on this Motion, Defendant questioned Officer Rutledge regarding when, exactly, he saw the contents of the jar. Following Defendant's request, the Court continued the hearing to a later date to provide Officer Rutledge and the Government a chance to obtain the jar from the Georgia State Patrol

4

contents of the jar, then the search that followed was legal. Put another way, the contents of the jar gave officers probable cause. If Officer Rutledge's viewing of the jar was legal, then it follows that the rest of the vehicle search was legal, too.[4]

Based on Eleventh Circuit precedent, the Court evaluates the voluntariness of Defendant's actions based on the totality of the circumstances. *See United States v. Purcell*, 236 F.3d 1274, 1281 (11th Cir. 2001) ("In assessing voluntariness, the inquiry is factual and depends on the totality of the circumstances."). Some factors the Eleventh Circuit instructs courts to consider include: "the presence of coercive police procedures, the extent of the defendant's cooperation with the officer, the defendant's awareness of his right to refuse consent, the defendant's education and intelligence, and the defendant's belief that no incriminating evidence will be found." *Id.*[5]

The evidence, based on the dashcam footage and Officer Rutledge's testimony,[6]

---

evidence locker. The Court resumed the hearing, and the Government tendered the black jar into evidence. Upon further direct examination, Officer Rutledge confirmed that the jar's contents and odor were the same—specifically, Officer Rutledge testified that the jar still contained small flakes of suspected marijuana, and he could smell the odor of marijuana.

[4] "The automobile exception to the Fourth Amendment permits a warrantless search of an automobile if (1) it is readily mobile, and (2) there is probable cause to believe that it contains contraband or evidence of a crime." *United States v. Russell*, No. 21-14081, 2023 WL 2062592, at *6 (11th Cir. Feb. 17, 2023). "Probable cause . . . exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Lindsey*, 482 F.3d 1285, 1291 (11th Cir. 2007) (internal quotations omitted).

[5] This analysis typically applies to consensual searches of an entire vehicle or home; however, the factors remain important based on Defendant's claim of coercion and/or undue influence.

[6] The Court finds Officer Rutledge to be credible. *See United States v. Gause*, No. 22-11685, 2023 WL 2194295, at *2 (11th Cir. Feb. 24, 2023) ("We give substantial deference to the district court's determination" regarding witness credibility for purposes of motions to suppress); *United States v. Stancil*,

5

clearly supports a finding that Defendant voluntarily offered the jar to Officer Rutledge. First, at the time of the jar discussion, Officer Rutledge was the only law enforcement officer on the scene, meaning there was no exaggerated police presence. There is also no claim that Officer Rutledge brandished a weapon or otherwise used "coercive police procedures," aside from being a law enforcement officer conducting a routine traffic stop. *Id.* Second, Defendant complied with all of Officer Rutledge's requests—including producing his identification and attempting to find the vehicle registration. Additionally, once Officer Rutledge mentioned the jar, Defendant opened the jar without command or coercion. Third, Defendant later refused to give consent for a full vehicle search;[7] therefore, he clearly knew he had the right to decline any attempt to search or open the jar without a proper warrant when he voluntarily showed Officer Rutledge its contents. Lastly, it seems pretty clear that Defendant knew that there was incriminating evidence in the vehicle. After all, he later admitted to being a driver for someone involved in the drug business. [Doc. 25-1, p. 4]. Each of these factors weigh in favor of the conclusion that Defendant voluntarily opened the jar and showed its

---

4 F.4th 1193, 1199 (11th Cir. 2021) (discussing the broad deference given to district court's credibility determinations); *see also United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("[A] trial judge's . . . choice of whom to believe is conclusive . . . unless the judge credits exceedingly improbable testimony." (citing *United States v. Cardona-Rivera*, 904 F.2d 1149, 1152 (7th Cir. 1990))).

[7] Because Defendant gave Officer Rutledge consent to search the jar, the jar's contents created probable cause to search Defendant's vehicle. Therefore, although Defendant refused to give consent to the search of his vehicle, Officer Rutledge informed him that consent to this search wasn't necessary. [Doc. 25-1, p. 3].

6

contents to Officer Rutledge. The Court finds the totality of the circumstances supports that same finding. *See Purcell*, 236 F.3d at 1281.

At the hearings on this Motion, Defendant insisted that Officer Rutledge's testimony was inaccurate—both based Officer Rutledge's prior testimony, his report, and the circumstances surrounding the traffic stop.[8] Defendant asserts that it is unreasonable to believe that Officer Rutledge saw a green, leafy residue in the jar at night in a poorly-lit vehicle.[9] However, that misses the mark. Officer Rutledge also testified that he smelled the odor of marijuana. The odor of marijuana is enough to support probable cause for the vehicle search.

Put another way, Defendant doesn't clearly dispute that Officer Rutledge smelled the odor of marijuana—neither during the traffic stop nor the hearing. *United*

---

[8] *See United States v. Dumas*, No. 21-11341, 2023 WL 3302878, at *5 (11th Cir. May 8, 2023) (affirming the district court's credibility determination, even in the face of the defendant's argument that the officer was not credible based on alleged inconsistencies).

[9] The Court again notes that Officer Rutledge's testimony was consistent and credible. *See supra* note 6. To be clear, Officer Rutledge testified that the jar contained a green, leafy residue. At the hearing, Officer Rutledge displayed the contents of the jar, which in fact contained small pieces of a green substance. Moreover, Officer Rutledge testified that the same odor he first smelled during the traffic stop existed in the jar at the hearing on this Motion.

While Defendant's argument regarding Officer Rutledge's credibility would have had substantial merit if the jar had been completely empty upon inspection at the hearing, his position lost significant ground when the contents of the jar supported Officer Rutledge's testimony. *See Dumas*, 2023 WL 3302878, at *5 ("This corroborated [the officer's] testimony that he smelled and observed marijuana in [the defendant's] vehicle."). While it is unmistakably true that the jar contained some really small flakes, Officer Rutledge contended that he only saw flakes of a green leafy substance. But, even if Officer Rutledge didn't really see the tiny flakes, they were certainly there, and the Court does not find that the officer just happened to correctly guess that the flakes would be there and would resemble marijuana. Moreover, as explained below, Officer Rutledge testified he smelled the odor of marijuana and that was enough to justify the search.

*States v. Hyppolite*, 609 F. App'x 597, 606 (11th Cir. 2015) (holding that the odor of marijuana emanating from the defendant's person and vehicle was sufficient probable cause to permit a search of his person and vehicle); *Merricks v. Adkisson*, 785 F.3d 553, 560 n.3 (11th Cir. 2015) ("[T]he smell of burnt marijuana emanating from a vehicle is sufficient probable cause to search a vehicle."); *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc); *United States v. Dixon*, 901 F.3d 1332, 1339 (11th Cir. 2018).

## CONCLUSION

To sum it all up, Defendant voluntarily opened the jar, which then led to Officer Rutledge recognizing the odor of marijuana and seeing a green, leafy substance he suspected to be marijuana. That gave officers probable cause to search the remainder of the vehicle. Accordingly, the Court **DENIES** Defendant's Motion to Suppress [Doc. 25].

**SO ORDERED**, this 16th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**